(No. 5703—)

WEIBOLDT STORES, INC. ET AL., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 3, 1976.*

EDWARD WARDEN and THOMAS E. GREENLAND, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; EDWARD L. S. ARKEMA, JR., and BONNIEM G. WALT, Assistant Attorneys General, for Respondent.

BURKS, J.

This is an action for damages allegedly incurred by Claimants as a result of Respondent's alleged breach of contract for depositing on Claimants' property a large quantity of excavated material and permitting such material to remain on Claimants' property beyond the period allegedly permitted.

In approximately the middle of 1966, negotiations were entered into between the Bureau of Right-of-Way and Permits of the State of Illinois, Division of Waterways and the Chicago & Northwestern Railway in regards to the Railway's property abutting the Weller Creek in Des Plaines, Illinois, for the purpose of granting an easement to the State to facilitate the State's construction of the Weller Creek project, designed to provide flood control and drainage improvement for Des Plaines and the surrounding area. Negotiations continued until January, 1968, at which time the Respondent sent to the Chicago & Northwestern Railway Company the project plan and specification upon which the contractors were to submit bids. These documents were accompanied by a letter dated January 12, 1968, in

which it was requested that the Railway Company reply relative to the spoil areas designated in the plans and specifications. The dirt removed by excavation of water channels is referred to as spoil. The plans and specifications designated areas on the Claimants' property upon which spoil was to be deposited. These plans and specifications were returned to the Respondent by mail without comment.

On March 11, 1968, a written agreement was entered into between the Chicago & Northwestern Railway Company, the City of Des Plaines, and the State of Illinois, setting out the respective rights and duties of the parties relevant to the Weller Creek project. No specific mention of spoil areas was contained in this written agreement.

In September of 1968, the Schless Construction Company and Respondent entered into an agreement whereby Schless agreed to construct the Weller Creek project in accordance with the State of Illinois plans and specifications.

Work on the project commenced in September, 1968, and included the excavation of large quantities of spoil that were piled on the bank of the creek on the property of the Chicago & Northwestern Railway. No areas other than those designated as such in the plans and specifications were used as spoil areas.

On October 1, 1968, a letter was sent by the Chicago & Northwestern Railway to the State of Illinois requesting that the spoil material not be disposed of on railroad property. Thereafter, on October 2, 1968, a telegram was sent by the State of Illinois to Schless Construction Company directing Schless,

to spoil excess material from that work upon the property of the Chicago & Northwestern Railway ... in accordance with the plans and specifications as bid by your (Schless) firm.

On October 16, 1968, the Claimant, Chicago and Northwestern Railway, agreed to convey to Claimant, Weiboldt Stores, Inc., the real estate involved in this case, with the stipulation that the spoil material would be removed at no expense to Weiboldt.

On November 4, 1968, the Claimant, Chicago & Northwestern Railway, the City of Des Plaines, and the State of Illinois executed a rider to their March 11, 1968, agreement whereby it was specified that the State's easement for construction would expire on August 1, 1969.

By letter dated September 4, 1969, the Chicago & Northwestern Railway demanded that the State remove the spoil at the State's expense from the property now held by Weiboldt Stores, Inc. In reply, by letter dated September 8, 1969, the State proposed an alternative solution to the problem, which was not accepted by the Chicago & Northwestern Railway.

In late 1969, inasmuch as the problem remained unsolved, the Claimant, Weiboldt Stores, Inc., removed the spoil material at its own expense of approximately $85,000.00

The issue before the Court is whether the State, by its agreement with the Chicago & Northwestern Railway, had a duty to remove the spoil material.

Although there was extensive and conflicting testimony heard relevant to whether any spoil was deposited after the August 1, 1969, deadline and as to the size of the spoil piles, this Court is satisfied, from the evidence, that no substantial deposits of spoil were made after August 1, 1969, and that the height of the spoil piles were within the limitations of the plans and specifications.

The Claimants contend that inasmuch as the contract between the parties was silent as to the plans and specifications, that these plans and specifications are not to be considered as part of the contract and that there were provisions in the contract which granted to the State only the right to enter upon and use the Claimants' property for the purpose of dredging and construction and not for the purpose of deposits of spoil material on the Claimants' property. Furthermore, Claimants contend that it was customary in the industry to remove spoil material from canal and creek projects and deposit them to a dump and site, *Boynton v. Lynn Gas Light Co.,* 124 Mass. 197 as authority.

We cannot agree with these contentions. The deposit of spoil on the property was contemplated by the parties to the agreement. The plans and specifications for the Weller Creek project were transmitted to the Claimant on January 12, 1968. Page two of the plans contains a drawing captioned "location of spoil areas." Section 30-1 of the specifications states:

All excavated materials shall be disposed of as shown on the plans, or as directed by the engineer. All excess excavation and materials, which are designated by the engineer as unsuitable for use in embankments or spoil areas, shall be disposed of by the contractor at his sole expense.

Section 50-4 of the specifications also mentions spoil areas.

It is inconceivable that a project of the magnitude of the Weller Creek project would be undertaken without approved plans and specifications. It is also inconceivable that the Chicago & Northwestern Railway would have entered into the written contract without having first approved of the plans and specifications. We view the silence of the Chicago & Northwestern Railway as an approval of the plans and specifications which formed the basis of the written contract entered into little more

than a month later. Having been contemplated by the parties, and having been approved by the parties, the plans and specifications are considered to be part of the contract even though they are not referred to in the body of the contract. *Landolt v. Stratmann,* 87 Ill.App.2d 81, 230 N.E.2d 498.

In any event, the contract between the parties is clear that if there was any duty to remove the spoil, that duty lay with the City of Des Plaines and not the State of Illinois.

### Section 17 of the written contract states:

The COMPANY reserves the right to use, occupy and enjoy its tracks, property and right-of-way, for such purpose, in such manner, and at such time as it shall desire, the same as if this instrument had not been executed by it. If any such use shall necessitate any change, repair, renewal, removal or relocation of said structure or drainage facilities, the CITY shall perform such work at such time as the COMPANY may approve and if the CITY fails to do so such work may be performed by the COMPANY at the expense of the CITY and the COMPANY shall not be liable to the CITY on account of any damage growing out of any use which the COMPANY may make of its tracks, property and right-of-way.

### Section 20 of the agreement states:

... any expense in restoring the COMPANY's property to its prior condition or to a condition satisfactory to the COMPANY shall be borne by the CITY.

These terms of the agreement clearly specify that it is the duty of the City of Des Plaines to effect any removal that the Railway should desire.

For the foregoing reasons, this claim is hereby denied.